UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTROVERSY MUSIC, ET AL.,

    Plaintiffs,

v.

THOMAS M. McCLELLAN AND TRM
RESTAURANTS, INC.,

    Defendants.
    _____/

Case No. 08-13805

Honorable Nancy G. Edmunds

**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT AS TO DEFENDANT THOMAS M. McCLELLAN [19]**

At a hearing held on September 16, 2009, this matter came before the Court on Plaintiffs' renewed motion for default judgment or, in the alternative, for summary judgment as to Defendant Thomas M. McClellan. Plaintiffs' motion is DENIED IN PART and GRANTED IN PART. Plaintiffs' request for entry of a default judgment against Defendant McClellan is DENIED, but Plaintiffs' alternative request for summary judgment against Defendant McClellan is GRANTED. Default judgment is denied because this Court previously granted Defendant McClellan's request to have the Clerk's entry of default against him to be set aside [18] and Plaintiffs have not, as required by Federal Rule of Civil Procedure 55, subsequently obtained a Clerk's entry of default against Defendant McClellan. Plaintiffs' request for summary judgment against Defendant McClellan is GRANTED for the reasons set forth below and on the record.

**I.   Facts**

Plaintiffs' complaint alleges that Defendants are liable to them, under 17 U.S.C. §§ 101, *et seq.*, for copyright infringement based on unlicensed public performances of copyrighted musical compositions at a bar owned by Defendant TRM Restaurants, Inc. ("TRM") with the active assistance and cooperation of Defendant Thomas M. McClellan ("McClellan"), the president and principal stockholder of TRM.  (Compl. at ¶¶ 1-6.)  These claims are the result of an investigator's report that, on May 16, 2008, she witnessed karaoke music performances that included compositions owned by ASCAP members at the bar known as "Tommy Mac's East" in Warren, Michigan, that is owned and operated by TRM.  (Pl.'s Br. at 6.)

Plaintiffs assert that they unsuccessfully attempted on several occasions to negotiate a reasonable settlement with Defendant McClellan.  (Pl.'s Br. at 4.)  Defendants failed to timely respond to Plaintiffs' complaint, and the Clerk entered a default against both Defendants on October 1, 2008.  On December 9, 2008, Plaintiffs sought to obtain a default judgment against both Defendants.  Defendant McClellan moved *pro se* to set aside his default.

On May 26, 2009, this Court entered an Order granting in part and denying in part Plaintiffs' motion for default judgment and granting in part and denying in part Defendant Thomas McClellan's motion to set aside the Clerk's entry of default against him.  Specifically, the Court granted Plaintiffs' motion for default judgment against Defendant TRM Restaurants, Inc., ordering the following relief:

(1)  statutory damages of $2,000 per infringement, totaling $12,000;

(2)  an award of $1,305 in attorney fees;

(3)  an award of $410.20 in costs; and

(4) an injunction permanently enjoining Defendant TRM Restaurants, Inc. from publicly performing any and all copyrighted musical compositions in the repertory of the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all Plaintiffs are members.  (Doc. Entry No. 18, 5/26/09 Order.)  This Court also denied Plaintiffs' motion seeking a default judgment against Defendant McClellan personally because he appeared and contested Plaintiffs' motion for default judgment, granted Defendant McClellan's motion to set aside the Clerk's entry of default against him, but denied his request for the same relief as to the corporate Defendant.  (*Id.*)  The Court further ordered that Defendant McClellan was to respond to Plaintiffs' complaint within 30 days and to appear for a creditor's exam on June 8, 2009.  (*Id.*)

Defendant McClellan has not responded to Plaintiffs' complaint, but did appear and have his deposition taken on June 8, 2009.  At his deposition, McClellan testified that he is the sole proprietor of the bar known as "Tommy Mac's East" in Warren, Michigan, and that the bar is owned and operated by TRM.  (McClellan dep. at 10, 15.)  He further testified that he makes all the decisions concerning musical entertainment at the bar, was aware that he needed a license to play copyrighted music publicly, but never signed an ASCAP license on behalf of TRM.  (*Id.* at 58, 61, 63-64.)

## II.  Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c). A moving party may meet that burden "by 'showing'-that is, pointing out to the district court-

that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). When the moving party has met its burden under rule 56(c), "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002).

### III. Analysis

Plaintiffs argue that McClellan's deposition testimony establishes that he is jointly and severally liable for Defendant TRM's copyright infringement thus justifying summary judgment against him on Plaintiffs' copyright infringement claims. This Court agrees.

"[C]opyright infringement is a tort, for which all who participate in the infringement are jointly and severally liable." *Jobete Music Co., Inc. v. Johnson Commc'ns, Inc.*, 285 F. Supp.2d 1077, 1083 (S.D. Ohio 2003) (internal quotation marks and citations omitted). As TRM's sole corporate officer, McClellan is jointly and severally liable for the infringing entertainment performances at TRM:

> Courts within virtually every circuit have adopted a two-pong test to determine whether a corporate officer is jointly and severally liable with the corporation for copyright infringement. The prerequisites for vicarious liability are: (1) the officer has the right and ability to supervise the infringing activity, and (2) the officer has a direct financial interest in such activities. This test has been adopted by courts throughout the Sixth Circuit.

*Id.* (internal and ending citations omitted). Under this vicarious liability standard, "liability for copyright infringement is not limited to those individuals who directly engage in infringing activity." *Id.* at 1083-84. Plaintiffs are correct when they assert that individual defendants, like McClellan, "may be held vicariously liable when they have the right and ability to supervise the infringing activity and have a financial interest in the exploitation of copyrighted materials." *Id.* at 1084.

McClellan admitted in his deposition that he had the right to control the music played at the bar owned by the corporate Defendant. He also concedes that he is the sole proprietor of the corporate Defendant and thus would necessarily benefit financially from its profits. (McClellan Dep. at 14-15.) Defendant McClellan is thus jointly and severally liable with TRM for its copyright infringing activity. Accordingly, this Court grants Plaintiffs' motion for summary judgment against Defendant Thomas M. McClellan, ordering the same relief as granted against Defendant TRM. Plaintiffs are entitled to:

(1) statutory damages of $2,000 per infringement, totaling $12,000;

(2) an award of $1,305 in attorney fees;

(3) an award of $410.20 in costs; and

(4) an injunction permanently enjoining Defendant Thomas M. McClellan from publicly performing any and all copyrighted musical compositions in the repertory of the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all Plaintiffs are members.[1]

---

[1] This Court declines Plaintiffs' request to clarify its earlier default judgment against Defendant TRM Restaurants, Inc. by declaring that its inventory of liquor stock is subject

**IV.    Conclusion**

For the above-stated reasons, Plaintiffs' motion for default judgment or, in the alternative, for summary judgment against Defendant Thomas M. McClellan is DENIED IN PART and GRANTED IN PART.


       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated:  September 17, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 17, 2009, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager

---

to execution under Michigan law.  Plaintiffs have not presented the Court with authority that persuades it that such relief can and should be granted.